# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
June 16, 1999 Session

## STATE OF TENNESSEE v. KHANH V. LE

### Appeal from the Criminal Court for Shelby County
### No. 96-01118     W. Fred Axley, Judge

---

### No. W1998-00637-CCA-R3-CD - Filed January 25, 2002
### No. W2001-01615-CCA-RM-CD - Filed January 25, 2002

---

DAVID H. WELLES, J., concurring.

I concur with the majority opinion that this case must be reversed and remanded for a new trial due to the trial court's failure to instruct on lesser-included offenses. I write separately because I disagree with the statement in the majority opinion that "a failure to instruct a jury on lesser-included offenses will only be found harmless beyond a reasonable doubt under the circumstances presented" in State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998).

For those offenses which are lesser-included of others under part (a) of the Burns test,[1] proof of the greater offense will always provide proof of the lesser offense. See, e.g., State v. Bowles, 52 S.W.3d 69, 80 (Tenn. 2001) (noting that, "[i]n proving robbery, . . . the State also proved [the lesser-included offense of] theft, for all of the elements of theft are included within the elements of

---

[1]In State v. Burns, our supreme court set forth a three-part test for determining lesser-included offenses. Part (a) of the test provides that an offense is a lesser-included offense if "all of its statutory elements are included within the statutory elements of the offense charged." 6 S.W.3d 453, 466-67 (Tenn. 1999).

robbery.") Thus, under the reasoning of <u>Bowles</u>, it would be error to fail to charge such a lesser-included offense. Where proof of the additional element required for the greater offense is certain and undisputed, however, I would find any error in failing to give the lesser-included offense instruction harmless beyond a reasonable doubt.

For instance, the accused commits an aggravated assault with a gun. There is absolutely no question or dispute about the defendant's use of the gun in committing the assault. Clearly, assault is a lesser-included offense of aggravated assault, under part (a) of the <u>Burns</u> test. However, in order to convict the defendant of assault instead of aggravated assault, the jury in this hypothetical would have to ignore the fact that the gun was used. A reasonable jury would not do this, and therefore I believe that any error by the trial court in failing to give an instruction on assault would be harmless beyond a reasonable doubt.

In applying this standard of review, I find helpful the United States Supreme Court's opinion in <u>Chapman v. California</u>, 386 U.S. 18 (1967). In that case, the Supreme Court was called upon to determine whether a trial error violating an accused's federal constitutional rights could be harmless. <u>Id.</u> at 20. The Court concluded that such error could be harmless, and suggested that a reviewing court resolve the issue by determining "'whether there is a <u>reasonable possibility</u> that the [error] complained of might have contributed to the conviction.'" <u>Id.</u> at 24, quoting <u>Fahy v. Connecticut</u>, 375 U.S. 85, 86-7 (1963) (emphasis added). When the reviewing court can declare a belief that the error was harmless beyond a reasonable doubt, reversal is not required. <u>Chapman</u>, 386 U.S. at 24.

Where the evidence adduced at trial is such that there is no reasonable possibility that the jury would have convicted the defendant of the lesser-included offense, other than through its de facto power of nullification, then I believe any error in failing to give the instruction is harmless beyond a reasonable doubt. I do not interpret the decisions of our supreme court to restrict a harmless error analysis solely to the circumstances presented in <u>Williams</u>.

I concur in all other respects with the majority opinion.

                                   _____

                                   DAVID H. WELLES, JUDGE